UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | Case No. 10-14962 |
| Plaintiff, | Stephen J. Murphy, III<br>United States District Judge |
| v. | |
| DAVID MCCANN, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendant.<br>_____/ | |

# REPORT AND RECOMMENDATION
# DEFENDANT'S MOTION TO REMAND (Dkt. 11)

## I.   PROCEDURAL HISTORY

Plaintiff, Federal Deposit Insurance Corporation, as receiver for Lakeside Community Bank, removed this action from state court on December 15, 2010, based on a counterclaim filed by defendant in state court. (Dkt 1). Plaintiff then filed a motion to stay these proceedings while defendant's counterclaim was administratively exhausted. (Dkt. 6). Defendant filed a motion to remand this matter back to state court on February 25, 2011. (Dkt. 11). The motion to stay was granted by District Judge Steven J. Murphy on March 7, 2011. (Dkt. 12). On March 11, 2011, plaintiff filed a response to the motion to remand and on March 21, defendant filed a reply. (Dkt. 13, 14). On March 23, 2011, Judge Murphy entered an order holding the motion to remand in abeyance. (Dkt. 18). On May

20, 2011, defendant filed a motion to lift the stay, indicating that the administrative exhaustion procedure had been completed. (Dkt. 19). This motion was granted on June 10, 2011. (Dkt. 21). On June 13, 2011, this matter was referred to the undersigned for all pretrial proceedings. (Dkt. 22).

Defendant's motion to remand is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to remand be **DENIED**.

## II. ANALYSIS AND CONCLUSIONS

### A. Legal Standards

"'The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006), quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). "'In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.'" *Brittingham v. General Motors Corp.*, 526 F.3d 272, 277 (6th Cir. 2008), quoting *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Furthermore, "[t]he burden of showing that the district court has original jurisdiction is on the party seeking removal." *Id.* (internal quotations omitted). The Court has "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

Pursuant to 12 U.S.C. § 1819, with one exception for state law actions, any civil suit to which the FDIC is a party "shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); *Village of Oakwood v. State Bank & Trust Co.*, 481 F.3d 364, 368 (6th Cir. 2007) ("if the FDIC is a party to an action within the meaning of § 1819, the district court has federal-question jurisdiction under 28 U.S.C. § 1331."). Section 1819 also gives the FDIC special authority to remove actions to federal court within ninety days of the filing of the lawsuit or upon the substitution of the FDIC as a party. 12 U.S.C. § 1819(b)(2)(B).

    B.    <u>Timeliness of Removal</u>

Defendant argues that plaintiff's removal of this action was untimely. Judge Murphy has already expressly determined that plaintiff's removal was timely in the March 7, 2011 Order Granting Stay. (Dkt. 12). Specifically, Judge Murphy concluded that "After the counterclaim was filed on December 9, 2010, FDIC-R promptly removed the action on December 15, 2010 and filed a motion to stay on January 13, 2011. These actions were not untimely and do not forfeit FDIC-R's request to require exhaustion." (Dkt. 12, Pg ID 778). In the view of the undersigned, the issue of timeliness of the removal was already conclusively determined and need not be considered further.

On a related note, Judge Murphy has already addressed - and rejected - defendant's argument that his amended answer "relates back" to the original

answer filed in state court, thus rendering the removal untimely because plaintiff was required to remove within 90 days of the original answer to the state court complaint. Specifically, Judge Murphy concluded:

> After reviewing the record, the Court does not find McCann's contentions to have merit. McCann's first answer does not include a counterclaim, and in fact, asks the court to "allow [him] time to seek advise [sic] on whether a Counter Claim [sic] should be filed." Pl. Reply Br. ex. A. Accordingly, his counterclaim filed December 9, 2010 was not an amendment but a new claim. Cf. Fed. R. Civ. P. 7(a) (noting that answer and defendant counterclaim are pleadings). Further, McCann's reliance on Mich. Ct. R. 2.118(D) is misplaced. Even if the amended answer amends the original, it would be inappropriate to apply the relation back doctrine in these circumstances. * * * To hold that the FDIC-R should have somehow known of the existence of a counterclaim, removed the case, and filed a motion to stay in March 2010 when the counterclaim was not filed until December 2010 would be illogical.

(Dkt. 12, Pg ID 778). Again, in the view of the undersigned, this issue was already conclusively determined and need not be considered further.

    C.    <u>Propriety of Removal</u>

Plaintiff also argues that the FDIC's removal is fatally defective because this case falls within the "state law question" exception to federal jurisdiction. Under § 1819(b)(2), an action, suit, or proceeding, arises under the laws of the United States and will be removable unless the action falls within the exception outlined in § 1819(b)(2)(D). The exception specifically provides:

> [A]ny action-
>
> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D). As the language of the statute indicates, to satisfy the exception, the action must meet all three prongs. *FDIC v. Beatley*, 2011 WL 665448, *5 (S.D. Ohio 2011), citing *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785 (11th Cir.2005) ("Under the language of the statute, each of these three prongs must be established by a party to defeat removal.")

As concluded by the *Beatley* court, in analyzing the third prong of § 1819(b)(2)(D) – whether interpretation of only state law is necessary – the court does not follow the "well-pleaded complaint rule." *Id.*, citing, *Pollock v. F.D.I. C.*, 17 F.3d 798, 802 (5th Cir. 1994) ("Courts have abandoned the well-pleaded complaint rule under section 1819(b)(2)(D) in favor of a test which focuses on the question of whether the federal defenses are colorable."); *Reding v. Federal Deposit Ins. Corp.*, 942 F.2d 1254, 1258 (8th Cir. 1991) ("When the party

opposing the FDIC relies on the "state law" exception of section 1819(b)(2)(D)(iii) and argues that only issues of state law are present, the exception is not met if the FDIC seeks to rely on a defense raising a disputable issue of federal law."); *Capizzi v. Federal Deposit Ins. Corp.*, 937 F.2d 8, 11 (1st Cir. 1991) ("We conclude that the language of the exception's third requirement does not embody the "well-pleaded complaint" rule."); *Lazuka v. Federal Deposit Ins. Corp.*, 931 F.2d 1530, 1535 (11th Cir. 1991) (holding, with regard to § 1819(b)(2)(D) that "the "well-pleaded complaint" rule is inapplicable ...."). Accordingly, in considering whether an action will involve only interpretation of state law, various circuit courts have considered potential federal defenses the FDIC might raise. *Beatley*, at *6, citing *Reding*, 942 F.2d at 1258. Nevertheless, it is not enough that the FDIC merely asserts a defense based on federal law. *Id*. The FDIC's federal defense must "present[ ] a colorable issue for decision ...." *Id*.

     Even assuming that the present circumstances satisfy the first two prongs of § 1819(b)(2)(D), in the view of the undersigned, this action is not one that requires only the interpretation of state law. While defendant's counterclaim raises various state law claims against the FDIC, following the guidance of the various circuits, the Court also considers the defenses that the FDIC raises. *Beatley*, at *6. Where the FDIC raised a failure to exhaust administrative remedies, this is a defense based on federal law. *Id*., citing *Village of Oakwood v. State Bank & Trust Co.*,

539 F.3d 373, 385-86 (6th Cir. 2008) (indicating that § 1821(d) imposes a statutory exhaustion requirement on parties bringing claims against the FDIC in its capacity as receiver). Plaintiff also indicates that it will raise a *D'oench*[1] doctrine defense, which authorizes the FDIC to overcome allegations made by a failed bank's contractual counterparty as to the existence of unwritten/unrecorded agreements, conditions, or arrangements. Plaintiff points out that defendant's answer and counterclaim relies on such unwritten/unrecorded agreements. *See* Answer and Counterclaim. Accordingly, the undersigned finds that this action does not require only the interpretation of state law and remand would be inappropriate for the reason that the state law exception is not satisfied.

In addition, plaintiff argues that a remand would be inappropriate even if the state law exception were satisfied because this Court has exclusive jurisdiction over defendant's counterclaim under 12 U.S.C. § 1821(d). Pursuant to 12 U.S.C. §§ 1821(d)(3)-(5), if the financial institution has failed, subsequent claims must be presented first to the FDIC for an administrative determination on whether they should be paid. Section 1821(d)(13)(D) stops a court from deciding claims against a bank in receivership when such claims were brought after appointment of receivership until such time as a claim has been exhausted. The relevant portion of

---

[1] The *D'oench* doctrine defense is derived from *D'oench, Duhme & Co v. FDIC*, 315 U.S. 447 (1942) and is codified at 12 U.S.C. §§ 1821(d)(9)(A) and 1823(e)(1).

§ 1821(d)(13)(D) states:

> (D) Limitation on judicial review
>
> > Except as otherwise provided in this subsection, no court shall have jurisdiction over-
> >
> > (i) any claim or action for payment from ... the assets of any depository institution for which the Corporation has been appointed receiver....

The FDIC is then allowed 180 days to render a determination on the filed claim. 12 U.S.C. § 1821(d)(5)(A)(I). Thereafter, a claimant can then file suit in an appropriate federal district court or in the United States District Court for the District of Columbia seeking relief. 12 U.S.C. § 1821(d)(6).

Plaintiff argues that remand is inappropriate because the state court would not have jurisdiction over defendant's counterclaim and it also argues that this Court does not have jurisdiction over the claim either. It appears that plaintiff is taking the position that, because defendant's claims were filed *after* the appointment of the receiver, defendant will ultimately have to file a separate lawsuit, given that § 1821(d) only allows a claimant to "continue an action commenced before the appointment of the received" and defendant's counterclaim was commenced after the appointment of a receiver. Thus, according to plaintiff, even if the state law exception required a remand, no such remand would be

appropriate here because § 1821(d)(13)(D) deprives both state and federal courts of jurisdiction to adjudicate a claim against plaintiff under these circumstances.

In its March 7, 2011 Order Granting Stay, the Court already determined that defendant's counterclaim was subject to this administrative exhaustion requirement and thus, falls within the scope of § 1821(d). Indeed, the Court concluded as follows:

> Because the administrative review process is mandatory, however, the Court lacks jurisdiction to hear McCann's claims before it has been exhausted. Further, McCann will have sixty days from the date of FDIC-R's disallowance of the claim, or, alternatively, from the expiration of the 180-day administrative decision deadline, to seek judicial review of the administrative decision in federal district court. 12 U.S.C. § 1821(d)(6)(A). The claim therefore will not go without Court review.

(Dkt. 12, Pg ID 779). The undersigned need not decide, in the context of this motion to remand, whether plaintiff can "continue" this action under § 1821(d) because it is entirely clear that the state court does not have jurisdiction over the counterclaim against plaintiff and thus, a remand would be inappropriate for this reason.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to remand be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 8, 2011         s/Michael Hluchaniuk
                                Michael Hluchaniuk
                                United States Magistrate Judge

### CERTIFICATE OF SERVICE

      I certify that on September 8, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Erinn D. DePorre, Patrick G. Seyferth, and Kenneth G. Kubes, and I certify that I have mailed by United States Postal Service the foregoing pleading to the defendant, a non-ECF participant, at the following address: David McCann, 1251 Edgeorge, Waterford, MI 48327.

                                                                                         s/Tammy Hallwood
                                                                                        Case Manager
                                                                                       (810) 341-7887
                                                                                       tammy_hallwood@mied.uscourts.gov