UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
LAKESIDE COMMUNITY BANK,

      Plaintiff,

v.

DAVID MCCANN,

      Defendant.
      _____/

Case No. 2:10-cv-14962

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING DEFENDANT'S OBJECTIONS** (ECF No. 24)**,
ADOPTING THE REPORT AND RECOMMENDATION** (ECF No. 23)**,
AND DENYING DEFENDANT'S MOTION TO REMAND** (ECF No. 11)

On January 4, 2010, Lakeside Community Bank ("Lakeside") filed a one-count complaint against Defendant David McCann in the Circuit Count of Oakland County, Michigan, alleging that McCann had breached a Residential Construction Loan Contract. Compl. ECF No. 2-5.  After suit was filed, the Michigan Office of Financial Insurance closed Lakeside and appointed the Federal Deposit Insurance Corporation ("FDIC-R") as its receiver on April 16, 2010.   *See* Am. Notice of Removal, ECF No. 2.  On December 8, 2010, the FDIC-R was substituted for Lakeside as the Plaintiff.  *Id.*  The following day, McCann filed a counterclaim against the FDIC-R.  *Id.*  Thereafter, on December 15, 2010, the FDIC-R removed the case to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B), which allows the FDIC to remove a proceeding from a state court to the appropriate United States District Court within ninety days of the FDIC being substituted as a party to the action.

McCann filed a pro se motion to remand on February 25, 2011, seeking to return this case to state court.

McCann's Motion to Remand was referred to a magistrate judge who issued a Report and Recommendation ("Report") on September 8, 2011, recommending that the Court deny Defendant's Motion to Remand. McCann filed timely objections to the Report on September 22, 2011, and the FDIC-R filed its Response to Defendant's Objections on October 10, 2011. For the reasons that follow, the Court will overrule Defendant's Objections, adopt the Report, and deny Defendant's Motion to Remand.

## STANDARD OF REVIEW

Civil Rule 72 governs the Court's review of the instant Report. The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Any party objecting to a report and recommendation must "serve and file specific, written objections" to the report and recommendation. Fed. R. Civ. P. 72(b)(2). Accordingly, because Defendant has filed objections, the Court reviews de novo those portions to which an objection has been made.

## ANALYSIS

A motion to remand on any basis other than lack of subject matter jurisdiction must be made within thirty days after the notice of removal is filed. 28 U.S.C. § 1447. McCann's motion was not timely filed, as to his non-jurisdictional arguments, and does not otherwise present a basis for the Court to remand this action. He presents three objections to the

magistrate judge's recommendation that his motion be denied. *See* Def.'s Obj. ECF No. 24. The Court will address each in turn.

First, McCann objects to the magistrate judge's finding regarding the timeliness of removal. The magistrate judge notes that the Court already addressed McCann's argument that removal was untimely. *See* Order Granting Pl.'s Mot. to Stay 6, ECF No. 12. ("After the counterclaim was filed on December 9, 2010, FDIC-R promptly removed the action on December 15, 2010, and filed a motion to stay on January 13, 2011. These actions were not untimely and do not forfeit FDIC-R's request to require exhaustion.") Thus, the magistrate judge determined that the issue of the timeliness of removal was already conclusively determined and did not need to be considered further.

McCann objects to the magistrate judge's finding on this point "due to the fact that this conclusion and recommendations [sic] is a mistake in law." Def.'s Obj. 4, ECF No. 24. Defendant contends that his answer and counterclaim filed December 9, 2010, amended his March 24, 2010, answer, and that the relation back doctrine makes the FDIC-R's removal of the case untimely. This objection is overruled. The Court already addressed and rejected this argument in its Order Granting Plaintiff's Motion to Stay. *See* Order Granting Pl.'s Mot. to Stay 6, ECF No. 12. The Court's ruling remains the same and that explanation will not be repeated here.

Next, McCann objects to the magistrate judge's finding that remand would be inappropriate because the state law exception to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") is not satisfied. Def.'s Obj. 6. McCann argues that "this conclusion and recommendation is a mistake in Federal Court Rules. FDIC-R has provided no defenses, as allowable by court rule, and is in default of

filing one in the future." *Id.* McCann contends that the FDIC-R is in default for failing to respond to his counterclaim and that the magistrate judge erred by considering the FDIC-R's proposed defenses to his counterclaim because they have not properly been presented to the Court in a responsive pleading. Thus, McCann submits, the state law exception to FIRREA should apply to prevent removal of this case.

In order for the state law exception to apply, such that the matter would not be deemed to arise under the laws of the United States, all three of the following factors must be established: (1) the FDIC-R is a party other than a plaintiff; (2) the suit involves "only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution;" and (3) only interpretation of State law is necessary. 12 U.S.C. § 1819(b)(2)(D). McCann's arguments focus on the third factor. But, even assuming that factors one and two apply, McCann has not established the third factor — that only interpretation of state law is necessary to resolve this case.

When the FDIC relies on the absence of the third factor in attempting to prevent remand, it "must assert a defense that raises colorable issues of federal law." *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1149-50 (5th Cir. 1992). McCann argues that the FDIC has not properly asserted any defenses to his counterclaim and that only state law is raised by the complaint and counterclaim. But as other circuits have recognized, the state law exception of § 1819(b)(2)(D)(iii) is not met if the FDIC "seeks to rely on a defense raising a disputable issue of federal law." *Reding v. Fed. Deposit Ins. Corp.*, 942 F.2d 1254, 1258 (8th Cir. 1991). In *Reding*, the Eighth Circuit found that remand was improper where the FDIC resisted a debtor's motion to remand by stating it was relying on § 1823(e)

4

and the *D'Oench*[1] doctrine as defenses. *Id.* at 1259. And the First Circuit has interpreted the same statutory language at issue here as instructing courts to "consider the case as a whole-complaint and *likely* defenses as well." *Capizzi v. Fed. Deposit Ins. Corp.*, 937 F.2d 8, 10 (1st Cir. 1991) (emphasis added). In the instant case, the FDIC-R argues that it will raise the *D'Oench* doctrine as a defense to McCann's claims since McCann's answer and counterclaim rely on unwritten and unrecorded agreements. *See* Pl.'s Br. in Opp'n to Def's Mot. Remand 20, ECF No. 13. Thus, it will be necessary for the Court to resolve a disputed issue of federal law to determine which parties' claims will prevail. Therefore, the state law exception does not apply to preclude federal jurisdiction in this matter and McCann's objection to this point is overruled.

Lastly, McCann objects to the magistrate judge's finding that remand would be inappropriate even if the state law exception were satisfied because this Court has exclusive jurisdiction over the defendant's counterclaim under 12 U.S.C. § 1821(d). He argues that the magistrate judge's recommendation is a "mistake of law" because there is no statute that allows the Court to "overrule the State courts [sic] ruling on the relation-back of McCann's amended answer/counterclaim." Def.'s Obj. 8. The Court has not overruled any state court decision and the FDIC-R's removal of the case is not an appeal of any state court decision. This objection is overruled.

---

[1] In *D'Oench v. FDIC*, the Court held that borrowers could not rely on unrecorded agreements to defend against the FDIC's collection efforts. 315 U.S. 447, 458 (1942). This doctrine has been "expansively interpreted to bar the use of unrecorded agreements as the basis of either defenses or affirmative claims against the FDIC." *Reding*, 942 F.2d at 1259. Section 1823(e), as amended by FIRREA "essentially codifies the *D'Oench* doctrine and both are generally construed in tandem." *Id.*

## CONCLUSION

For the reasons stated above, Plaintiffs' Objections (ECF No. 24) are hereby **OVERRULED**. The Court hereby **ADOPTS** the Report and Recommendation (ECF No. 23) and Defendant's Motion to Remand (ECF No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that the FDIC-R shall file its Response to McCann's counterclaim by Thursday, November 3, 2011.

**SO ORDERED**.

```
                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge
```

Dated: October 24, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2011, by electronic and/or ordinary mail.

```
                              Carol Cohron
                              Case Manager
```