UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION,

        Case No. 10-cv-14962

      Plaintiff,

        HONORABLE STEPHEN J. MURPHY, III

v.

DAVID MCCANN,

      Defendant.

_____/

**ORDER OVERRULING DEFENDANT'S OBJECTIONS** (docket no. 41)**,**
**ADOPTING REPORT AND RECOMMENDATION** (docket no. 37)**,**
**AND GRANTING MOTION TO DISMISS COUNTERCLAIM** (docket no. 27).

This matter is before the Court upon motion of the Federal Deposit Insurance Corporation (FDIC) to dismiss David McCann's counterclaim (docket no. 27), the magistrate judge's report and recommendation regarding the motion (docket no. 37), and McCann's objections to the magistrate judge's report (docket no. 41). For the reasons that follow, the Court will overrule McCann's objections, adopt the magistrate judge's report and recommendation, and grant the FDIC's motion to dismiss McCann's counterclaim.

The FDIC, as receiver for Lakeside Community Bank ("Lakeside"), filed a notice of removal on December 15, 2010, after it was substituted for Lakeside as the plaintiff in the corresponding state court action and McCann filed a counterclaim against the FDIC. The Court granted the FDIC's motion to stay the case while McCann's counterclaim was administratively exhausted. Thereafter, McCann filed a motion to lift the stay, which the Court granted. The FDIC then filed its motion to dismiss McCann's counterclaim based on

lack of jurisdiction because McCann failed to submit a timely claim in the administrative claim process. *See* Mot. to Dismiss Counterclaim, ECF No. 27. The magistrate judge issued his report and recommendation, which recommends granting the motion. McCann objects to this recommendation.

## STANDARD OF REVIEW

Pursuant to Civil Rule 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party objecting to a report and recommendation must "serve and file specific, written objections" to the report and recommendation. Fed. R. Civ. P. 72(b)(2). Accordingly, the Court reviews de novo those portions of the report and recommendation to which an objection has been made.

## ANALYSIS

McCann lists four separate objections. His first objection is based on the following comment contained in the report and recommendation:

> Notably, most of McCann's arguments have already been rejected by the Court. Specifically, the Court previously concluded that FDIC did not have notice of McCann's claim until the counter complaint was filed in state court on December 8, 2010 and that nothing filed earlier put the FDIC on notice of McCann's claim.

Objection at 4, ECF No. 41. McCann claims that this "conclusion and recommendation is factually incorrect" and argues the merits of the Court's previous ruling regarding when the FDIC was put on notice as to the existence of McCann's claims. *Id.* The magistrate judge correctly noted that the Court already determined when the FDIC first received notice of

2

McCann's claims. *See* Order Granting Pl'.s Mot. to Stay 7, ECF No. 12. The Court's ruling on this issue remains the same and McCann's objection is overruled.

McCann's second objection is based on the magistrate judge's observation that he filed a proposed third-party complaint in the state court action and a motion for leave to serve third-party defendants that has not been formally resolved. He argues that the Court should not adopt the magistrate judge's recommendation and dismiss his counterclaim against the FDIC until after it addresses his motion to serve third-party defendants. It is unclear how the addition of any third-party defendant would alter the outcome of his claims against the FDIC. He fails to provide any factual allegations or legal authority to support his contention that dismissal of his counterclaim would be premature. Accordingly, this objection is overruled.

McCann's third objection is directed at a portion of the report and recommendation that merely recites the legal standard for reviewing challenges to subject matter jurisdiction. He submits it would be unfair for the Court to determine it lacks subject matter jurisdiction over his counterclaims after it denied his motion to remand the entire case. But the law does not support McCann's position. McCann was required to comply with the administrative claims process set forth in 12 U.S.C. § 1821(d). *See Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373,384-86 (6th Cir. 2008) (agreeing with other circuit courts that FIRREA's administrative claims processes is mandatory and a prerequisite to district court jurisdiction). He failed to file a timely claim or to come within the narrow exception of 12 U.S.C. § 1821(d)(5)(C)(ii), and, therefore, failed to exhaust his administrative remedies. *See id.* "[A] claimant's failure to file an administrative claim within the period provided by § 1821(d)(6) results in the claimant having 'no further rights or

3

remedies with respect to such claim[s].'" *Benchick v. Loanstar Lending, Inc.* No. 10-cv-12996, 2011 WL 3441266 at *3 (E.D. Mich. Aug. 5, 2011) (*quoting Oakwood*, 539 F.3d at 386). Accordingly, McCann's claims must be dismissed, and his third objection is, therefore, overruled.

Finally, McCann objects to the magistrate judge's finding that because he failed to allege he lacked notice of the FDIC's appointment as receiver prior to the claims bar date, he does not come within the narrow exception of 12 U.S.C. § 1821(d)(5)(C)(ii), and that because he failed to exhaust his administrative remedies, the Court does not have subject matter jurisdiction over his counterclaim. He alleges he has been mistakenly quoted and that "he has never claimed to have knowledge of FDIC's appointment until FDIC's Motion for Summary Judgment in September, 2010, long after the claims bar date of July 21, 2010." Objections at 10. But this allegation makes little sense in light of his response to the FDIC's motion wherein he admits the "FDIC was a litigant in the State action with McCann since April 12, 2010." Resp. to Mot. to Dismiss Counterclaim 14, ECF No. 30-1. He further submits that "on June 24, 2010 FDIC, through counsel, was an active participant in the Civil Early Intervention Conference, in which McCann and FDIC were instructed to discuss the claims of both parties and determine if a resolution could be met." *Id.* at 15.

McCann does not deny that he filed his administrative claim after the claims bar date, or that he failed to submit any proof with his claim that he lacked notice of the FDIC's appointment prior to the claims bar date. Accordingly, this objection is also overruled.

**WHEREFORE** it is hereby **ORDERED** that McCann's objections (docket no. 41) are **OVERRULED**, the magistrate judge's report and recommendation (docket no.37) is

4

**ADOPTED**, and the FDIC's motion to dismiss McCann's counterclaim (docket no. 27) is

**GRANTED**.

   **SO ORDERED**.

                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge

Dated: September 24, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on September 24, 2012, by electronic and/or ordinary mail.

                              Carol Cohron
                              Case Manager