UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE
CORP.,

      Plaintiff,

v.

DAVID MCCANN,

      Defendant.
                                       /

Case No. 10-cv-14962

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS**
(document no. 66), **ADOPTING THE REPORT
AND RECOMMENDATION** (document no. 65), **DENYING THE
DEFENDANT'S MOTION TO DISMISS** (document no. 58), **AND GRANTING
THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 57)

In 2006, Defendant David McCann obtained a loan to satisfy liens against a property he acquired and to construct improvements. He then defaulted. Although a mortgage on the property secured the loan, the lender did not foreclose but filed a breach of contract action in state court. The present plaintiff, Federal Deposit Insurance Company ("FDIC"), succeeded to the lawsuit after the lender entered receivership.

FDIC has since removed the action to federal court and filed for summary judgment, while McCann moved to dismiss the claims against him. The magistrate judge recommends granting FDIC's motion for summary judgment and denying McCann's motion to dismiss. McCann objects on multiple grounds. For the reasons stated below, the Court will overrule the objections, grant the motion for summary judgment, and deny the motion to dismiss.

**BACKGROUND**

In September 2006, Lakeside Community Bank ("Lakeside") reportedly acquired a property in Michigan through a deed in lieu of foreclosure. Pl.'s Mot. Summ. J. 1, ECF No. 57. That same month, McCann obtained a quitclaim deed from the property's former owners. Quit Claim Deed, ECF No. 66. Lakeside, however, still held at least $75,000 in liens on the property. Def.'s Rep. to Mot. Summ. J. 9–10, ECF No. 59. Accordingly, on December 15, 2006, McCann and Lakeside signed a promissory note and construction loan agreement, in which McCann borrowed $110,000 from Lakeside and secured the loan by a mortgage on the property. Balloon Note, ECF No. 57-2; Rider to Mortgage, ECF No. 57-2; Family Rider, ECF No. 57-2; Residential Construction Loan Agreement, ECF No. 57-2. The bulk of the borrowed funds went to Lakeside to satisfy the liens on the property. Def.'s Rep. to Mot. Summ. J. 9–10, ECF No. 59.

The promissory note required McCann to repay the loan in monthly installments beginning on April 15, 2007 and continuing until June 15, 2008, at which point any remaining balance was to be repaid. Balloon Note ¶¶ 1, 3. The promissory note also provided that McCann would pay an interest rate of 8% and, in the event of default, that he would continue to pay the same rate of interest and reimburse Lakeside for all costs and expenses incurred in enforcing the note. Balloon Note ¶¶ 2, 6(E). McCann later signed an amendment that extended the promissory note's maturity date from June 15, 2008 to June 15, 2010. Amendment to Promissory Note, ECF No. 57-3.

Nevertheless, McCann ceased making monthly payments on March 25, 2009 and defaulted on the note on April 16, 2009. The unpaid principal on McCann's note was $96,711.59. Acct. Summ., ECF No. 57-5. To remedy McCann's default, Lakeside filed an action in state court on November 5, 2009, seeking damages for breach of contract. Compl.

2

¶¶ 5–7, ECF No. 2-5. As of that date, the unpaid principal and interest owed amounted to $101,785.20. Aff. of Accts. Stated, ECF No. 57-6.

While the state-court action was pending, Lakeside entered receivership with FDIC as receiver. Order Appointing Receiver, ECF No. 2-1. FDIC thus succeeded to all of Lakeside's rights, titles, powers, and privileges; assumed control of Lakeside's assets; and received authority to collect on all obligations owed to Lakeside. *See* 12 U.S.C. § 1821(d).

After this transition, McCann filed a counterclaim against FDIC, which removed the action to this Court. Def.'s Countercl., ECF No. 2-4; Notice of Removal, ECF No. 1. FDIC has filed a motion for summary judgment, and McCann has filed a motion to dismiss. The magistrate judge reviewed these filings and issued a report and recommendation, recommending that the Court grant the motion for summary judgment and deny the motion to dismiss. McCann objects to this recommendation.

## STANDARD OF REVIEW

Where a party files timely and specific objections to a magistrate judge's report and recommendation, the Court must review the contested portions of the report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(2)–(b)(3). But the Court may adopt, reject, or amend the portions of a report and recommendation to which no party properly objects. *See* Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

McCann makes twelve objections to the magistrate judge's report and recommendation. These objections frequently overlap and largely restate the same arguments the magistrate judge rejected. Having reviewed each objection, the Court finds them unpersuasive.

3

I. <u>Objections to Factual Findings (Objections Nos. 1–2, 4–5, 9)</u>

McCann repeatedly argues that the magistrate judge erroneously found that Lakeside owned the mortgaged property and conveyed it to McCann. Def.'s Obj. 5–13, 15, 18. This objection is moot. Although the magistrate judge mentions that McCann signed the loan to purchase the mortgaged property, Report 2–3, ECF No. 65, the magistrate judge makes no chain-of-title finding. Furthermore, any such finding is unnecessary to resolve the case. FDIC seeks a money judgment for breach of contract. Compl. 1–2, ECF No. 2-5; Pl.'s Mot. Summ. J. 13, ECF No. 57. To prevail, all FDIC must prove is that (1) there was a contract, (2) McCann breached the contract, and (3) FDIC suffered damages from the breach. *See Miller-Davis Co. v. Ahrens Const., Inc.*, 296 Mich. App. 56, 71 (2012). FDIC can — and does — prove these element by showing that McCann obtained a loan and failed to repay it. Moreover, how McCann acquired title to the property has no bearing on how the Court resolves his other objections to the report and recommendation. Thus, McCann's repeated objection that the magistrate judge erroneously found Lakeside to have owned the property will be overruled as moot.

II. <u>Objections to Legal Conclusions (Objections Nos. 2–9)</u>

The magistrate judge ultimately concluded summary judgment was appropriate, because McCann has not disputed FDIC's evidence that the "parties had a contract, that McCann breached the contract, and that FDIC was damaged as a result." Report 9, ECF No. 65. Although McCann offers several objections to this conclusion, none are persuasive.

    A. <u>Meeting of the Minds (Objection Nos. 2–4, 8)</u>

At several points, McCann argues there was "no meeting of the minds" and thus no contract. Def.'s Obj. 10, 12, 16, ECF No. 66. He identifies several barriers to contracting. One is that Lakeside never owned the mortgaged property. Def.'s Obj. 10, 12, 16, ECF No. 66. Another is that Lakeside never provided him with "a closing package" when conveying the property to him. *Id.* And still another is that amount supposedly loaned to him is more than needed to satisfy the liens that Lakeside had recorded against the mortgaged property in 2004 and 2005. Def.'s Obj. 10, 16, ECF No. 66.

Even if these unsupported assertions had evidentiary support, none evince an absence of consent. A meeting of the minds exists whenever the parties objectively manifest their agreement to the essential terms of a contract. *See Calhoun Cnty. v. Blue Cross Blue Shield Mich.*, 297 Mich. App. 1, 13 (2012); *Heritage Broad. Co. v. Wilson Comm., Inc.*, 170 Mich. App. 812, 818 (1988). Here, both parties signed the promissory note and construction loan agreement, thereby manifesting their assent to be bound by the terms therein. Any factual disputes over the ownership of the property or the provision of the closing package simply have no bearing on whether the parties consented to the same terms in the promissory note. Nor does the fact that the amount loaned was greater than recorded liens negate mutuality of assent. The promissory note clearly identified the amount of money being borrowed, McCann signed the promissory note, and Lakeside disbursed funds in excess of the recorded liens. Def. Rep. Mot. Summ. J. 8–10, ECF No. 59; Balloon Note ¶ 1, ECF No. 57-2. In sum, the evidence unambiguously attests to a meeting of the minds.

B.  <u>Consideration (Objections Nos. 3, 5, 7)</u>

5

McCann also objects that no contract existed due to the absence of consideration. Def.'s Obj. 10, 13, 15, ECF No. 66. He argues that he obtained no benefit from the contract and that FDIC suffered no detriment, because Lakeside never owned or conveyed the mortgaged property to him. *Id.*

This objection overlooks undisputed facts. Consideration is bargained-for exchange. *See Calhoun Cnty.*, 824 N.W.2d at 209. By McCann's own admission, Lakeside disbursed $90,451.33 to satisfy liens on a property that he sought to acquire, thereby conferring a benefit on him. Def. Rep. Mot. Summ. J. 9–10, ECF No. 59. And in exchange, he promised to repay Lakeside with interest. Def. Rep. Mot. Summ. J. 9–10, ECF No. 59; Balloon Note ¶¶ 2–3, ECF No. 57-2. There was bargained-for exchange.

C.     Statute of Frauds (Objection No. 5)

McCann also objects to the Report, arguing that the statute of frauds prevents FDIC from holding him liable for the debts of another. Def.'s Obj. 7, ECF No. 66. The contract at issue, however, nowhere obligates McCann to pay another's debt. FDIC only seeks to recover what McCann personally borrowed. Def. Rep. Mot. Summ. J. 8–10, ECF No. 59; Balloon Note ¶¶ 1–3, ECF No. 57-2; Compl. ¶¶ 5–7, ECF No. 2-5.

D.     Unconscionability (Objection No. 6)

Another objection is that it was unconscionable for Lakeside to sell a property it did not own. Def.'s Obj.13–14. This argument, however, goes astray for the simple reason that FDIC is not suing on a contract for sale of real property. McCann identifies no provisions in the promissory note or related agreements that are unconscionable.

E.     Against Public Policy (Objection Nos. 3, 6, 9)

6

Another objection is that the contract is against public policy. Def.'s Obj. 10, 14, 17–19, ECF No. 66. For support, McCann cites to Michigan's Consumer Mortgage Protection Act ("CMPA"), Mich. Comp. Laws §§ 445.1631–1645, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, and "every other" consumer protection law. Def.'s Obj. 10, 14, 17–19, ECF No. 66.

None of these provisions, however, evince a public policy against the loan here. To be sure, the CMPA prohibits "mortgage loan[s]" with terms of less than five years where the "regular periodic payments . . . do not fully amortize the outstanding principal balance." Mich. Comp. Laws § 445.1635. But McCann's loan is not a "mortgage loan." A "mortgage loan" is a loan secured by real property "that is used as the borrower's principal dwelling." Mich. Comp. Laws § 445.1632(d). McCann presents no evidence that the mortgaged property was his principal dwelling.

Likewise, his other legal support is unavailing. RESPA, which requires lenders to make certain disclosures, *see* 12 U.S.C. §§ 2601–2617, has no applicability in the absence of allegations and evidence that Lakeside failed to make the required disclosures. And, finally, a generic reference to consumer protection laws does not demonstrate a "definite" and "well-grounded" public policy against the contract here. *Terrien v. Zwit*, 467 Mich. 56, 65–73 (2002).

III.   Objections to the Court's Authority (Objections Nos. 1, 10–11)

McCann also objects that the Court lacks the authority to enter a judgment in the amount requested by the FDIC, because the state court conducted a case evaluation, which apparently determined that McCann owed only $10,000. Def.'s Obj. 19–20, ECF No. 66. Furthermore, McCann argues that this Court must deny the motion for summary

judgment because the state court denied a prior motion for summary disposition. *Id.* at 20–21.

Neither decision limits this Court's power. Although the state court evaluated the case, Case Evaluation on Sept. 16, 2010, ECF No. 66, an evaluation is non-binding unless accepted by the parties, *see* Mich. Ct. R. 2.403(L)–(N). There is no evidence that either party accepted the evaluation. Likewise, the state court's denial of summary disposition does not preclude this Court from entertaining a motion for summary judgment, for the denial was without prejudice. Order Regarding Mot. for Summ. Disposition, ECF No. 2-23.

IV.     Procedural Objections (Objections No. 2, 12)

Finally, McCann objects to a pair of perceived procedural errors. The first is that Lakeside should have been joined in this case but was not. Def.'s Obj. 8–9, ECF No. 66. And the second is that the magistrate judge erroneously required McCann to make timely and specific objections to the report and recommendation. Def.'s Obj. 22–23, ECF No. 66.

Neither objection carries weight. McCann's first objection goes astray because FDIC succeeded to Lakeside's position in the litigation over the promissory note. *See O'Melveny & Meyers v. FDIC*, 512 U.S. 79, 86 (1994) (interpreting 12 U.S.C. § 1821(d)(2)(A)(i)). Only if this action concerned matters unrelated to the promissory note — which it does not — might Lakeside's absence have potential relevance. And the second objection merely expresses discontent with a correct statement of the rules governing proceedings before magistrate judges. *See* Fed. R. Civ. P. 72(b)(2)–(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The Court has no power or inclination to alter those rules.

**CONCLUSION**

The magistrate judge concluded that McCann entered a contract with Lakeside and breached it. McCann raises no persuasive objection to this conclusion. The Court, therefore, will adopt the Report and grant FDIC's motion for summary judgment. Because FDIC is entitled to judgment as a matter of law, the Court will also deny McCann's motion to dismiss for failure to state a claim.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that McCann's objections to the report and recommendation (document no. 66) are **OVERRULED**, that the report and recommendation (document no. 65) is **ADOPTED**, that McCann's motion to dismiss (document no. 58) is **DENIED**, and that FDIC's motion for summary judgment (document no. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that FDIC **SUBMIT** a statement of the total amount owed under the contract, including costs and attorney's fees, with supporting materials and within twenty-one (21) days of this order. The Court will then enter Judgment for FDIC.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: September 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2013, by electronic and/or ordinary mail.

s/Carol Cohron  
Case Manager